UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL KEITH WILSON,<br><br>Plaintiff,<br><br>v.<br><br>SISKIYOU COUNTY JAIL, et al.<br><br>Defendants. | No. 2:23-cv-01364-TLN-EFB (PC)<br><br><br><br>ORDER |

Plaintiff is a former prisoner proceeding in this action without counsel. ECF No. 1. On July 24, 2023, the postal service returned mail directed to plaintiff marked: "Undeliverable, No Longer In Custody." On July 27, 2023, the postal service returned mail directed to plaintiff marked: "Undeliverable, No longer there." Because a party appearing without counsel must keep the court and all parties apprised of his or her current address (E.D. Local Rule 183(b)), this court recommended dismissal of this action without prejudice when plaintiff failed to notify the court of his current address within the required time period. ECF No. 15.

Plaintiff has since updated the court with his current address and objected to the proposed dismissal. ECF No. 16. Plaintiff has also moved for "zero time constraints and opportunity to refile til [sic] I get it right." *Id.* In addition, plaintiff moved for in forma pauperis (IFP) status before this matter was transferred to the Eastern District. ECF No. 8. Because plaintiff has now updated his address, this court withdraws the recommendation of dismissal and proceeds to

1

screen plaintiff's complaint. This court will also address plaintiff's other docketed motions.

## Leave to Proceed In Forma Pauperis

Plaintiff, who no longer appears to be incarcerated, has filed an application to proceed IFP in a non-prisoner case. ECF No. 8. Plaintiff's application, however, is incomplete. For example, plaintiff has not fully completed sections 1, 4, or 8. Accordingly, plaintiff's motion for leave to proceed IFP is denied without prejudice.

## Screening Standards

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* at § 1915A(b).

A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)). While the complaint must comply with the "short and plain statement" requirements of Rule 8, its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To avoid dismissal for failure to state a claim, a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555-557. In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at 678.

Furthermore, a claim upon which the court can grant relief must have facial plausibility. *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual

1  content that allows the court to draw the reasonable inference that the defendant is liable for the
2  misconduct alleged." *Iqbal*, 556 U.S. at 678.  When considering whether a complaint states a
3  claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v.*
4  *Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the
5  plaintiff.  *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

### Screening Order

Plaintiff's initial complaint was a two-page letter to the court that was not filed on the form typically used in filing a complaint under the Civil Rights Act, 42 U.S.C. § 1983.  ECF No. 1.  Plaintiff subsequently filed a form complaint naming Siskiyou County Jail, Lt. Grove, and Officer Berryhill as defendants.  ECF No. 7.  The court will consider this first amended complaint (FAC) as the operative complaint in this matter.

Plaintiff's FAC states his claim as follows:

> Several of us inmates were forced to take all of our close [sic] off in front of each other with 3 sheriff's guards watching on, as they degraded and embarrassed us one at a time searching our crotches and rectal for a supposed missing razor blade, causing mental anguish, and sent me straight into a state competency online evaluation without proper consent and all without allowing me to deny and defend myself, violating my bill of rights and the UNITED NATIONS [sic] convention against torture, degrading treatment and cruel and unusual punishment, invasion of privacy.

ECF No. 7 at 4.  Plaintiff requests $50 million in damages, and "all involved to be fired and prosecuted to the full extent of the law." *Id.*

Plaintiff's complaint does not state a cognizable claim for purposes of section 1915A(a).  To state a claim under section 1983, a plaintiff must allege: (1) the violation of a federal constitutional or statutory right; and (2) that the violation was committed by a person acting under the color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Jones v. Williams,* 297 F. 3d 930, 934 (9th Cir. 2002).  An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation.  *See Hansen v. Black*, 885 F. 2d 642, 646 (9th Cir. 1989).

////

Plaintiff names defendants Officer Berryhill and Lt. Grove in the body of his complaint (ECF No. 7 at 2), but his allegations against them are too vague and conclusory to state a cognizable claim for relief. Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. *Jones v. Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984). Here, plaintiff neither states the date of the incident in question, nor specifically alleges whether defendants Berryhill and Grove personally participated in a violation of plaintiff's rights, and if so, what acts constituted that participation. To state a claim, plaintiff must allege with at least some degree of particularity the alleged constitutional injury and the overt acts which any defendants engaged in that support plaintiff's claim. *See id.*

For example, the court notes that the Eighth Amendment protects prisoners from inhumane methods of punishment and inhumane conditions of confinement. *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006). If plaintiff is attempting to bring an inhumane conditions claim under the Eighth Amendment, he must allege facts sufficient to support a claim that prison officials knew of and disregarded a substantial risk of serious harm to plaintiff. *See, e.g.*, *Farmer v. Brennan*, 511 U.S. 825, 847 (1994); *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998).

In addition, plaintiff names Siskiyou County Jail as a defendant. While "[m]unicipalities and other local governmental units . . . [are] among those persons to whom § 1983 applies," *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 690 (1978), a municipal entity or its departments is liable under section 1983 only if a plaintiff shows that his or her constitutional injury was caused by employees acting pursuant to the municipality's policy or custom. *See Villegas v. Gilroy Garlic Festival Ass'n,* 541 F.3d 950, 964 (9th Cir. 2008). If plaintiff wishes to impose liability on the jail (rather than, or in addition to, the individual persons responsible for the body search), he must identify a county or jail policy or custom that caused him to be searched.

## Leave to Amend

Plaintiff may choose to amend his complaint. He is cautioned that any amended complaint must identify as a defendant only persons who personally participated in a substantial

way in depriving him of his constitutional rights. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). Plaintiff may also include any allegations based on state law that are so closely related to his federal allegations that "they form the same case or controversy." *See* 28 U.S.C. § 1367(a).

The amended complaint must also contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a).

Plaintiff may not change the nature of this suit by alleging new, unrelated claims. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Nor may he bring unrelated claims against multiple defendants. *Id.*

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (*quoting Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

Any amended complaint should be as concise as possible in fulfilling the above requirements. Fed. R. Civ. P. 8(a). Plaintiff should avoid the inclusion of procedural or factual background which has no bearing on his legal claims. He should also take pains to ensure that his amended complaint is as legible as possible. This refers not only to penmanship, but also spacing and organization. Plaintiff should carefully consider whether each of the defendants he names actually had involvement in the constitutional violations he alleges. A "scattershot" approach in which plaintiff names dozens of defendants will not be looked upon favorably by the court.

////

////

////

## Conclusion

In accordance with the above, it is ORDERED that:

1. The Findings and Recommendations recommending dismissal of this action for failure to update the court with a proper address (ECF No. 15) are RESCINDED due to plaintiff providing an updated address (ECF No. 16);

2. Plaintiff's motion to proceed in forma pauperis is DENIED. Plaintiff shall either pay the statutory filing fee or re-submit a completed application to proceed IFP within 30 days of service of this order.

3. Plaintiff's FAC (ECF No.7) is DISMISSED with leave to amend within 30 days of service of this order;

4. Plaintiff's motion for "zero time constraints" and limitless opportunities to refile (ECF No. 16) is DENIED.

Dated: May 7, 2024

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE